**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL LABBAT,<br>    Appellant, | DOCKET NUMBER<br>NY-1221-17-0003-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>    Agency. | DATE:  May 24, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Jonathan Bell, Esquire, and Brian Bodansky, Esquire, Garden City,
    New York, for the appellant.

J. Douglas Whitaker, Esquire, Omaha, Nebraska, for the agency.

Lena Golovnin, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For
the reasons discussed below, we GRANT the petition for review, AFFIRM the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's findings on exhaustion, VACATE the remainder of the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The agency employed the appellant as a Criminal Investigator with the Bureau of Immigration and Customs Enforcement (ICE). Initial Appeal File (IAF), Tab 1 at 7. On or around March 15, 2016, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against him for his protected whistleblowing activity by denying his leave, initiating an investigation against him, reassigning him, and subjecting him to a hostile work environment. IAF, Tab 1 at 8, Tab 15 at 18-19, 27-28, 34. OSC issued the appellant a close-out letter informing him that it was closing the file on his complaint and advising him of his right to file a Board appeal. IAF, Tab 15 at 34-35. This appeal followed. IAF, Tab 1.

The administrative judge issued an order explaining the appellant's burden to establish jurisdiction over an IRA appeal and directing him to submit evidence and argument supporting his claim. IAF, Tab 3. In response, the appellant submitted two sworn declarations describing his alleged protected disclosures and the agency's purported retaliatory treatment of him. IAF, Tab 15 at 14-19, Tab 19 at 11-14. In sum, the appellant alleged that, in 2012, he was assigned to work with the U.S. Secret Service (USSS). IAF, Tab 15 at 14. During that time, certain USSS agents physically assaulted his Confidential Informant (CI) and, as a result, he filed a complaint with the Office of Inspector General (IG) concerning the assault. *Id.* at 14-15. Thereafter, in February 2016, the appellant learned that he could be assigned to another special detail under the supervision of the USSS during a time for which he already had been approved annual leave to attend a college basketball tournament. IAF, Tab 15 at 15-16, 27-28, Tab 19 at 13. He pleaded with his chain of command to allow him to keep his leave during the

requested period, first arguing the significance and the cost of the basketball games he had planned to attend on those dates and then explaining that he believed it would be dangerous for him to take the assignment given his 2012 IG complaint and the intimidation that followed his complaint.  IAF, Tab 15 at 16-17.  Concerning his allegations that the assignment would be dangerous for him, the appellant asserted that, during a March 22, 2016 conversation with the Acting Deputy Special Agent in Charge (DSAC) and the Assistant Special Agent in Charge (ASAC), he described the assault on his CI, informed them of his IG complaint, and explained the intimidation that followed.  *Id.* at 17.  He memorialized the conversation the following day in an email sent to the Acting DSAC, the ASAC, and the Group Supervisor (GS).  *Id.* at 27-28.  In his sworn declarations, the appellant further asserted that, despite other ICE agents being excused from the USSS assignment, the DSAC informed him that everybody had to report and that he was no exception.  *Id.* at 17-18.  He claimed that, in addition to the ultimate denial of his leave request, the agency also subjected him to a groundless investigation.  *Id.* at 18.  The appellant did not report for the USSS assignment, but he asserted that he worked at his office on those days.  IAF, Tab 19 at 13.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction.  IAF, Tab 1 at 2, Tab 20, Initial Decision (ID).  She found that only two of the personnel actions that the appellant complained about were covered under the whistleblower protection statutory scheme:  the agency's decision to reassign him and its decision to deny his leave requests.  ID at 12-13.  She also found that the appellant exhausted his administrative remedies with OSC as to the covered personnel actions and the alleged protected disclosures.  ID at 14.  Concerning his alleged protected disclosures, she found that he failed to make a nonfrivolous allegation that his disclosures were protected.  Specifically, she found that his disclosures amounted to no more than a recitation of what he previously reported

to the IG in 2012 and did not amount to a disclosure of a violation of any law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety. ID at 14-16. She further found that, even if the appellant had made a nonfrivolous allegation of a protected disclosure, he failed to make a nonfrivolous allegation that it was a contributing factor in the personnel actions at issue. ID at 17. As to the denial of leave, she found that the agency decided to deny his leave requests before the appellant made his disclosures. ID at 18-19. As to the reassignment, she found that, even if the agency decided to reassign the appellant shortly after becoming aware of his disclosures, the appellant did not allege any other circumstantial evidence that the Acting DSAC was motivated by reprisal. ID at 19. She therefore dismissed the appeal.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has responded in opposition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC, and makes nonfrivolous allegations that (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 5. The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant

evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the reasons discussed below, we find that the appellant established Board jurisdiction over his IRA appeal.

<u>The appellant nonfrivolously alleged that he engaged in protected activity within the scope of the Board's IRA jurisdiction.</u>

The Whistleblower Protection Enhancement Act of 2012 (WPEA), which became effective on December 27, 2012, expanded the scope of the Board's IRA jurisdiction to include alleged reprisal based on certain protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D). 5 U.S.C. § 1221(a); *Rebstock Consolidation*, 122 M.S.P.R. 661, ¶ 5. The Board has declined to give retroactive effect to this expanded grant of jurisdiction when both the protected activity and the personnel actions took place prior to the WPEA's December 27, 2012 effective date because doing so would increase a party's liability for its past conduct. *Rebstock Consolidation*, 122 M.S.P.R. 661, ¶ 7; *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014). However, the Board has held that the WPEA applies to situations in which the protected activity occurred prior to its effective date but the personnel actions took place after that date because the agency knew of the parties' rights, liabilities, and duties under the WPEA when it took, or failed to take, the personnel actions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 50-51; *Rebstock Consolidation*, 122 M.S.P.R. 661, ¶¶ 7-9.

Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to an agency's IG in accordance with applicable provisions of law.[2] Here, the appellant filed an IG complaint in

---

[2] Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," was protected. 5 U.S.C. § 2302(b)(9)(C); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 29, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Effective December 12, 2017, the National Defense Authorization Act of 2018 (NDAA for 2018) amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal

early 2012 concerning the alleged assault of his CI. IAF, Tab 15 at 15, Tab 17 at 6. Because the alleged personnel actions at issue here took place in 2016—after the WPEA's December 27, 2012 effective date—we find that the appellant has nonfrivolously alleged that he engaged in protected activity under section 2302(b)(9)(C) when he filed his IG complaint. *See Pridgen*, 2022 MSPB 31, ¶¶ 50-51.

Even if we found that the appellant had failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), however, we would find that he nonfrivolously alleged that his disclosures were protected under section 2302(b)(8).[3] Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could

---

investigation or review" also is protected. Pub. L. No. 115-91, § 1097(c)(1), 131 Stat. 1283, 1618 (2017). The NDAA for 2018 amendment to section 2302(b)(9)(C) is not retroactive. *Edwards*, 2022 MSPB 9, ¶¶ 29-33. The expansion of section 2302(b)(9)(C) does not affect the outcome of this appeal because all of the relevant events occurred prior to December 12, 2017.

[3] Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's IG are protected regardless of their content, as long as such disclosures are made "in accordance with applicable provisions of law." *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. However, the nature of the disclosures to the IG may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence and the agency can defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *Id.*, ¶ 8 n.1; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) (discussing the factors relevant to whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, including the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision).

reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.* At the jurisdictional stage, the appellant need only assert nonfrivolous allegations, i.e., allegations that are not vague, conclusory, or facially insufficient, and that the appellant reasonably believes to be true. *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017).

The appellant alleged in a sworn declaration that his disclosures included informing the Acting DSAC, the ASAC, and the GS in March 2016 that the USSS agents assaulted his CI in 2012. IAF, Tab 15 at 14-17. The Board has held that an assault is a violation of criminal law, and a disclosure that an assault occurred is a disclosure of a violation of law, rule, or regulation. *Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005). Here, the administrative judge discredited the appellant's disclosures, given that the alleged wrongdoing took place 4 years before his March 2016 disclosures and involved the USSS and not his employing agency, ICE. ID at 15. However, those facts do not preclude a finding that the appellant nonfrivolously alleged that he made a protected disclosure. *See Molinar v. Department of Veterans Affairs*, 80 M.S.P.R. 248, ¶¶ 9-10 (1998) (finding that the appellant's motive for making the disclosure and the fact that the alleged wrongdoer was not in a position to retaliate against her did not preclude a finding that the appellant had made a protected disclosure of a violation of law); *Berkley v. Department of the Army*, 71 M.S.P.R. 341, 352 (1996) (explaining that, even if some of the appellant's disclosures concerned trivial matters, there is no de minimis exception for the violation-of-law aspect of the protected disclosure standard). Accordingly, we find that the appellant raised a nonfrivolous allegation that a person in his position could reasonably conclude that he disclosed evidence of a violation of a law during his March 22, 2016 conversation with the Acting DSAC and ASAC and in the March 23, 2016 email memorializing the conversation.

<u>The appellant nonfrivolously alleged that the agency took at least two personnel actions against him.</u>

The definition of "personnel action" includes, among other things: a detail, transfer, or reassignment; a decision about pay or benefits; and any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A). Here, the administrative judge found, and we agree, that the agency subjected the appellant to personnel actions when it denied his leave requests and reassigned him pending the outcome of the Office of Professional Responsibility (OPR) investigation against him. ID at 13; *see Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995) (finding that a reassignment is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iv)); *Marren v. Department of Justice*, 50 M.S.P.R. 369, 373 (1991) (holding that a denial of annual leave constitutes a decision concerning benefits under 5 U.S.C. § 2302(a)(2)(A)(ix)). The administrative judge also found, and we agree, that the agency's initiation of an investigation against him did not constitute a personnel action over which the Board has IRA jurisdiction. ID at 3; *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020) (concluding that an investigation is not per se a personnel action under 5 U.S.C. § 2302(a)(2)(A)); *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 10 (citing *Sistek* for this proposition). The administrative judge did not address, however, the appellant's allegation that the agency subjected him to a hostile work environment.

The Board has found that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 13, 16. To constitute an actionable hostile work environment under whistleblower protection statutes, an agency's actions must, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities. *Id.*, ¶ 16. Allegations that do not individually

constitute a covered personnel action may together have a cumulative effect that constitutes a significant change in working conditions. *Id.*, ¶ 18.

In this case, the appellant claims that a hostile work environment was created through the cumulative effect of numerous agency actions, including being unable to perform any enforcement action, being "pulled from upcoming operations and arrests," being "called a liar," being referred to OPR for an investigation,[4] and being barred from any communications with his CI. IAF, Tab 1 at 5, Tab 15 at 19. Because the administrative judge did not have the benefit of the Board's decision in *Skarada* when she issued the initial decision, on remand, she should consider whether the appellant has made a nonfrivolous allegation that these circumstances comprised a hostile work environment for purposes of a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii).

## The appellant has nonfrivolously alleged that his protected disclosures and activity were a contributing factor in the agency's decision to take personnel actions against him.

To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure or the protected activity was one factor that tended to affect the personnel action in any way. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 13-14

---

[4] Although an investigation is not a personnel action on its own under 5 U.S.C. § 2302(a)(2)(A), on remand, the administrative judge should consider it in the context of the appellant's hostile work environment claim. *See Sistek*, 955 F.3d at 955 (recognizing that "a retaliatory investigation could contribute toward the creation of a hostile work environment that is actionable as a significant change in working conditions"); *see, e.g.*, *Spivey*, 2022 MSPB 24, ¶¶ 10-11, 13 (agreeing with an administrative judge that an appellant failed to nonfrivolously allege that an investigation amounted to a significant change in working conditions when she offered no allegations or evidence concerning any practical or significant effects that the investigation had on the overall nature and quality of her working conditions, duties, or responsibilities). Also, because the appellant alleged here that the investigation was initiated as a direct result of his protected disclosures, the administrative judge should consider such evidence in making her determinations concerning whether the agency met its burden of showing that it would have taken the personnel actions at issue in the absence of his disclosures. *See Sistek*, 955 F.3d at 956-57; *Russell v. Department of Justice*, 76 M.S.P.R. 317, 323-24 (1997).

(2016). One way to establish this criterion is by using the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See id.*

Here, the appellant alleged that he informed the Acting DSAC and the ASAC of his protected activity of filing an IG complaint on March 22, 2016, and that he informed the GS of this protected activity in an email dated March 23, 2016. IAF, Tab 15 at 17, 27. He also alleged that he made protected disclosures to the Acting DSAC, the ASAC, and the GS on those dates. *Id.* The appellant further asserted that a combination of these individuals denied his leave, reassigned him, and created a hostile work environment from immediately to within a few weeks of when they first learned of his protected activity and of when he made the protected disclosures. IAF, Tab 1 at 5, Tab 15 at 18, 23, 27-28, Tab 16 at 148, 200.

As to the denial of leave, the administrative judge determined that, even if the appellant had nonfrivolously alleged that he made a protected disclosure, he did not make a nonfrivolous allegation that it was a contributing factor in the action because she found that he did not make his disclosures until after he was told that his leave would be denied. ID at 18. However, the appellant made several allegations in his sworn declaration that the decision concerning his leave request was fluid, as other special agents who had been initially assigned to the USSS assignment were later permitted to decline the detail or take leave, even though, unlike the appellant, they had not requested leave prior to the assignment. IAF, Tab 15 at 18. Moreover, the formal denial did not take place until March 29, 2016, one week after the appellant alleges the responsible officials first learned of his protected activity and he made the protected disclosures. *Id.*

at 23.  Under these circumstances, we find that the appellant has nonfrivolously alleged that the denial of leave occurred within a period of time such that a reasonable person could conclude that his protected activity and disclosures were a contributing factor in the personnel action under the knowledge/timing test.  *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010) (finding that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge/timing test); *see also MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 10 (2012) (finding a nonfrivolous allegation of contributing factor when the appellant alleged that an agency official asked about her 2003 disclosures shortly before taking a personnel action against her in 2010).

As to the reassignment, the administrative judge found that, even if the Acting DSAC decided to reassign the appellant shortly after becoming aware of his disclosures, the appellant did not allege, and the record does not reflect, any other circumstantial evidence that he was motivated by reprisal.  ID at 19.  However, once an appellant has made a nonfrivolous allegation that the knowledge/timing test has been met, he has met his jurisdictional burden as to the contributing factor criterion, and any analysis concerning the supervisors' motivation would be inappropriate at this stage.  *See Mason*, 116 M.S.P.R. 135, ¶ 26.  Because the record reflects that the appellant was reassigned on or about April 28, 2016, we find that the appellant has nonfrivolously alleged that the reassignment occurred within a period of time such that a reasonable person could conclude that his protected activity and disclosures were a contributing factor in the personnel action under the knowledge/timing test.  *See Schnell*, 114 M.S.P.R. 83, ¶ 22.

Finally, should the administrative judge find that the appellant has nonfrivolously alleged that the agency subjected him to a hostile work environment under 5 U.S.C. § 2302(a)(2)(A)(xii), we find that the appellant has nonfrivolously alleged that the actions comprising his claim occurred within a

period of time such that a reasonable person could conclude that his protected activity and disclosures were a contributing factor in the personnel action under the knowledge/timing test.[5]  IAF, Tab 1 at 5, Tab 15 at 18-19, Tab 16 at 200; *see Schnell*, 114 M.S.P.R. 83, ¶ 22.

Because we conclude that the appellant has made a nonfrivolous allegation through the knowledge/timing test that his protected activity and disclosures were a contributing factor in at least two personnel actions, the Board has jurisdiction over his appeal, and he is entitled to a hearing on the merits.  *See Salerno*, 123 M.S.P.R. 230, ¶ 14.

## ORDER

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                 _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[5] We also find that the appellant raised these allegations of a hostile work environment with OSC.  *See e.g.*, IAF, Tab 15 at 34.